J-S14026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AARON DURELL GRIFFIN | : | |
| | : | |
| Appellant | : | No. 101 MDA 2021 |

Appeal from the PCRA Order Entered December 14, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000152-2017

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 01, 2021**

Appellant, Aaron Durell Griffin, appeals *pro se* from the December 14, 2020 Order denying his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless. After careful review, we affirm.

The relevant facts and procedural history are as follows. On December 14, 2016, the Commonwealth charged Appellant of Possession With Intent to Deliver—Methamphetamine, Possession of a Controlled Substance—Methamphetamine, Possession of Drug Paraphernalia, and Criminal Use of a Communication Facility. On April 27, 2017, Appellant filed an Omnibus Pre-Trial Motion seeking, *inter alia*, to suppress physical evidence recovered from a warrantless search of a backpack found in proximity to Appellant at the time of his arrest and within which was a vacuum-sealed bag containing one pound

of methamphetamine.[1]  Appellant argued that the search of the backpack was improper because nothing had prevented the police from obtaining a warrant prior to the search.  On December 15, 2017, the trial court denied the Motion to Suppress.

The matter proceeded to a non-jury trial on March 9, 2018, at the close of which the court convicted Appellant on all counts.  On April 20, 2018, the trial court sentenced Appellant to 6 to 12 years in prison, followed by 7 years of probation.  Appellant filed a timely Post-Sentence Motion, which the trial court denied.  Appellant appealed to this Court challenging the sufficiency of the evidence and the court's denial of his Motion to Suppress.  We affirmed Appellant's Judgment of Sentence and our Supreme Court denied allowance of appeal.  **Commonwealth v. Griffin**, 2019 WL 1934864 (Pa. Super. 2019), *allocatur denied*, 237 A.3d 387 (Pa. 2020).

On August 3, 2020, Appellant *pro se* filed the instant PCRA Petition asserting that his trial counsel had been ineffective in failing to challenge the warrantless search and seizure of evidence from his vehicle and his person.  Petition, 8/3/20, at 1a.  The PCRA court appointed counsel who, on November 2, 2020, filed an Application to Withdraw as Counsel and an accompanying

---

[1] The backpack was "located approximately 25 to 30 yards from Appellant's vehicle, resting on a pile of debris."  **See Commonwealth v. Griffin**, 2019 WL 1934864, at *1 (quoting Trial. Ct. Op., 9/7/18, at 2) (unpublished memorandum) (Pa. Super. filed April 30, 2019).

- 2 -

***Turner/Finley***[2] "no merit" letter, after concluding that Appellant's Petition presented no issues of arguable merit.

In particular, counsel explained that Appellant alleged that the police search of his vehicle was illegal because the police had time to obtain a warrant to search prior to conducting the search but failed to do so. ***See*** Application to Withdraw, 11/2/20, at ¶ 24. Counsel further explained that Appellant also asserted that because the police search of Appellant's vehicle was illegal, and gave rise to their subsequent warrantless search of the backpack, the evidence obtained from the backpack search was "fruit of the poisonous tree." ***See id.*** at ¶ 31. Counsel noted, however, that trial counsel had expressly asserted in the Motion to Suppress that suppression was appropriate because "nothing prevented the Commonwealth from getting a warrant to search the garage and its curtilage," and that this Court addressed this issue on direct appeal. ***Id.*** at ¶¶ 38-39. Observing that the backpack had been abandoned property, the search of which did not require a warrant, we concluded that the issue had no merit. ***Id.*** at ¶¶ 32-33 (citing ***Commonwealth v. Griffin***, 2019 WL 1934864, at *3), 36. Counsel also noted that the police did not find, and the Commonwealth did not submit at trial, any evidence seized from Appellant's vehicle. ***Id.*** at ¶ 33. Thus, counsel concluded that, had trial counsel filed the suppression motion suggested by Appellant, the motion would have been entirely frivolous. ***Id.*** at ¶ 35.

---

[2] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On November 17, 2020, the PCRA court issued a Notice of Intent to Dismiss Appellant's Petition without a hearing pursuant to Pa.R.Crim.P. 907, concluding that Appellant's underlying issue was meritless and had been previously litigated. The court also granted counsel's Application to Withdraw as Counsel.

On December 11, 2020, Appellant filed a *pro se* Response to the court's Rule 907 Notice reasserting his claim that trial counsel was ineffective by failing to file a meritorious suppression motion and instead filing a suppression motion that the court denied. On December 14, 2020, the PCRA court dismissed Appellant's Petition.

This appeal followed.[3]

Appellant raises the following issues on appeal:

1. Whether the trial court erred and committed an abuse of discretion by denying [Appellant's] [M]otion to [S]uppress?

2. Whether the trial court erred by allowing contraband (Black backpack) admitted into evidence?

Appellant's Brief at 4.

## Standard of Review

---

[3] On January 19, 2021, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement. In the court's February 23, 2021 Memorandum Opinion, the court noted that Appellant timely filed his Statement on February 3, 2021, and the court listed in its Opinion the issues Appellant indicated in his Statement that he sought to raise on appeal. Appellant's Statement does not, however, appear on the lower court docket or in the certified record. Notwithstanding, because the PCRA court addressed in its Memorandum Opinion the issues Appellant sought to raise on appeal and our appellate review is not hampered by the absence of the Statement, we proceed to review the issues presented by Appellant in his Brief to this Court.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

**Cognizability of Claims**

To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2): a constitutional violation; ineffective assistance of counsel; an unlawfully induced plea; improper obstruction by governmental officials; a case where exculpatory evidence has been discovered; an illegal sentence has been imposed; or the tribunal conducting the proceeding lacked jurisdiction. *See* 42 Pa.C.S. § 9543(a)(2)(i)-(viii).

In addition, an appellant must establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). *See also Commonwealth v. Spotz*, 18 A.3d 244, 281 (Pa. 2011) (recognizing that a claim that has been previously litigated is not cognizable under the PCRA). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a

matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S. § 9544(a)(2).

The PCRA court concluded that Appellant's issues are not cognizable under the PCRA. We agree. Appellant challenges the trial court's denial of his Motion to Suppress and its admission of evidence seized from a backpack. Appellant's Brief at 8-9b. As noted above, Appellant previously litigated these claims on direct appeal. Accordingly, the record support's the PCRA court's determination that these claims are not cognizable under the PCRA.[4]

Order affirmed.

---

[4] Appellant also includes in his Brief a one paragraph statement claiming that trial counsel was ineffective for disregarding Appellant's request that counsel challenge "the legality of the search and seizure of [Appellant's] person and vehicle." Appellant's Brief at 10. Appellant concludes that, had counsel filed such a motion, the trial court "would have had to suppress the contraband." *Id.* Appellant did not include this issue in his Statement of Questions Involved as required by Pa.R.A.P. 2116(a) and, more importantly, has not developed this claim with "discussion and citation of authorities as are deemed pertinent[]" in contravention of Pa.R.A.P. 2119(a). Appellant's failure to present a developed argument in support of this claim has hampered our ability to conduct meaningful appellate review. Accordingly, Appellant has waived this claim. *See Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (citations omitted) ("when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." (citation omitted)); *see also* Pa.R.A.P. 2101 (providing that where the defects in an appellant's brief are substantial, this Court may quash or dismiss the appeal).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/01/2021